UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Terrell Johnson and Allison Johnson,　　　　　　　　　Civil No. 12-445 (DWF/JJG)
Yang Lee Vang, and William H.
Washington, Sr.,

　　　　　　　　Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　**MEMORANDUM**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**OPINION AND ORDER**
Deutsche Bank  National Trust
Company; HSBC Bank USA, N.A.;
Mortgage Electronic Registration
Systems, Inc.; and MERSCORP, Inc.,

　　　　　　　　Defendants.

---

William B. Butler, Esq., Butler Liberty Law, LLC, counsel for Plaintiffs.

Benjamin E. Gurstelle, Esq., and Mark G. Schroeder, Esq., Briggs & Morgan, PA, counsel for Defendants HSBC Bank USA, N.A., Mortgage Electronic Registration Systems, Inc., and MERSCORP, Inc.

Kirstin D. Kanski, Esq., Lindquist & Vennum PLLP, counsel for Defendants Deutsche Bank  National Trust Company, Mortgage Electronic Registration Systems, Inc., and MERSCORP, Inc.

---

**INTRODUCTION**

　　　　This matter is before the Court on a Motion to Dismiss brought by Defendants

Deutsche Bank National Trust Company ("Deutsche Bank"), Mortgage Electronic

Registration Systems, Inc. ("MERS"), and MERSCORP, Inc. ("MERSCORP") (Doc. No.

6) and a Motion to Dismiss brought by Defendants HSBC Bank USA, N.A. ("HSBC

Bank"), MERS, and MERSCORP (Doc. No. 8).  For the reasons set forth below, the Court grants Defendants' motions.

## BACKGROUND

Plaintiffs are homeowners and loan borrowers who executed promissory notes that relate to three different properties.  (Doc. No. 1, Ex. 1, Compl. ¶¶ 1-3.)  On September 15, 2006, Plaintiffs Terrell Johnson and Allison Johnson executed a promissory note in favor of Mortgageit, Inc. and a mortgage in favor of MERS.  (*Id.* ¶ 1.)  On October 11, 2006,  Plaintiff Yang Lee Vang executed a promissory note in favor of SouthStar Funding LLC and a mortgage in favor of MERS.  (*Id*. ¶ 2.)  Plaintiff William H. Washington, Sr. executed a promissory note and mortgage on March 15, 2005, both in favor of IndyMac Bank, F.S.B.  (*Id*. ¶ 3.)

Plaintiffs assert that the mortgages against their respective homes are invalid and voidable.  (*Id*. ¶ 9.)  In particular, Plaintiffs allege that they executed original promissory notes and/or mortgages in favor of entities different from Defendants, who now claim the legal right to foreclose.  (*Id*. ¶ 10.)  Plaintiffs further allege that each of their notes and mortgages was assigned to the corpus of a trust underlying a mortgage-backed security, and that such assignments were not endorsed, executed or recorded as required.  (*Id.* ¶¶ 12-19.)  Plaintiffs claim that the chain of title to each of their mortgages is thus "broken," that Defendants have no right, title or interest in Plaintiffs' properties, and that Defendants have falsely asserted the power of sale pursuant to each of Plaintiffs' mortgages.  (*Id.* ¶¶ 18, 24-26.)  Plaintiffs allege that because Defendants do not have

valid, clear legal title to the original notes, Defendants cannot assert the right of foreclosure under the mortgages.  (*Id.*)

Plaintiffs initially filed suit in Hennepin County District Court on or about January 30, 2012.  (*Id.* at 15.)  In their Complaint, Plaintiffs assert four causes of action: (1) Quiet Title; (2) Declaratory Judgment (alleging that parties other than Defendants have legal title to Plaintiffs' notes and mortgages); (3) Declaratory Judgment (seeking declarations as to the rights and obligations under the original notes and mortgages); and (4) Slander of Title.  (*Id.* ¶¶ 31-55.)

Defendants removed the action to this Court on February 21, 2012, based on diversity jurisdiction under 28 U.S.C. § 1332(a).  (Doc. No. 1.)  Defendants now move to dismiss all of Plaintiffs' claims.  The Court considers the pending motions below.

## DISCUSSION

### I.   Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged.  *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits

attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.     Rule 8

Defendants argue that Plaintiffs' Complaint violates Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Rule 8 pleading standard does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint will not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

Plaintiffs' Complaint asserts four causes of action, involving four Plaintiffs and three different mortgage loans and properties, against four Defendants. Plaintiffs'

4

Complaint, however, fails to provide any facts establishing the status of each loan, such as whether any loan is in the process of foreclosure, has been foreclosed upon, or whether the statutory redemption period has expired. In addition, the Complaint contains very few factual allegations regarding each Defendant's purportedly wrongful conduct and fails entirely to mention any specific acts by Defendants MERS and MERSCORP. The Court concludes that such pleading is inadequate and that Rule 8 requires greater specificity than that found in Plaintiffs' Complaint. *See, e.g.*, *Liggens v. Morris*, 749 F. Supp. 967, 971 (D. Minn. 1990). Thus, this case is properly dismissed under Rule 8.[1] Even so, the Court considers alternative grounds for dismissal below.

### III. Motions to Dismiss

At the heart of all of Plaintiffs' claims against Defendants is the allegation that Defendants do not have valid title to the original notes and therefore cannot legally foreclose on Plaintiffs' mortgages. (*See, e.g.*, Compl. ¶¶ 22-26.) To the extent Plaintiffs

---

[1] It also appears that Plaintiffs lack standing. To have standing under Article III of the Constitution, a plaintiff must allege (1) a concrete injury in fact, (2) that is fairly traceable to the challenged action, and (3) that is likely to be redressed by the relief sought. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Here, Plaintiffs do not allege sufficient facts with respect to the status of each loan and foreclosure period, and thus the Court cannot determine whether there is a viable controversy between the parties, let alone one that can be redressed by the relief sought. *See, e.g., Tully v. Bank of Am., N.A.*, Civil No. 10-4734, 2011 WL 1882665, at *5-6 (D. Minn. May 17, 2011); *see also Sovis v. Bank of New York Mellon*, Civil No. 11-2253, 2012 WL 733758, at *4-5 (D. Minn. Mar. 6, 2012) (noting that the plaintiff's failure to identify a causal nexus between the challenged mortgage assignments and her injuries evidenced a lack of standing); *Karnatcheva v. JPMorgan Chase Bank, N.A.*, Civil No. 11-3452, 2012 WL 1657531, at *6 (D. Minn. May 11, 2012) ("Plaintiffs have no standing to assert any breaches of the [Pooling and Servicing Agreements], as they are not parties or third-party beneficiaries to such agreements.").

5

may rely on the assertion that Defendants do not possess the promissory notes secured by Plaintiffs' respective mortgages and thus cannot foreclose on those mortgages, the Minnesota Supreme Court, the Eighth Circuit Court of Appeals, this Court, and other courts in this district have already considered and rejected this argument.  *See Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 500-01 (Minn. 2009) (holding that a mortgagee with legal title is not required to have any interest in the promissory note to foreclose by advertisement); *Stein v. Chase Home Finance, LLC*, 662 F.3d 976, 980 (8th Cir. 2011) ("[T]he right to enforce a mortgage through foreclosure by advertisement lies with the legal, rather than equitable, holder of the mortgage."); *Butler v. Bank of Am.*, Civil No. 11-461, 2011 WL 2728321, at *6 (D. Minn. July 13, 2011); *Welk v. GMAC Mortgage, LLC*, Civil No. 11-2676, 2012 WL 1035433, at *6 (D. Minn. Mar. 29, 2012); *Jerde v. JPMorgan Chase Bank, N.A.*, Civil No. 11-2666, 2012 WL 206271, at *3 (D. Minn. Jan. 24, 2012); *Murphy v. Aurora Loan Servs., LLC*, Civil No. 11-2750, 2012 WL 104543, at *3 (D. Minn. Jan. 12, 2012); *Kraus v. CitiMortgage, Inc.*, Civil No. 11-3213, 2012 WL 1581113, at *3 (D. Minn. May 4, 2012); *Vang v. PNC Mortgage, Inc.*, Civil No. 11-3741, Doc. No. 25 (D. Minn. June 5, 2012).

As previously explained in the above cases, it does not matter whether Defendants can establish that they hold the promissory notes.  Moreover, to the extent Plaintiffs argue that the chain of title to their mortgages is somehow "broken" (Compl. ¶ 18), such claims have also been rejected.  *See Karnatcheva v. JPMorgan Chase Bank, N.A.*, Civil No. 11-3452, 2012 WL 1657531, at *5 (D. Minn. May 11, 2012).  Plaintiffs have not alleged that any Defendant was not the record owner of any mortgage at the time it initiated

foreclosure by advertisement.  Nor have Plaintiffs alleged any specific facts that would demonstrate a defect in the mortgage instruments or specific facts or law that would call into question any assignment of a mortgage in this action.

For these reasons, Plaintiffs cannot establish that Defendants were not entitled to foreclose.  Given that all of Plaintiffs' claims are based on the same discredited legal arguments, they are all properly dismissed with prejudice.

Because it is apparent to the Court that there is no legal or factual basis for any asserted claim against Defendants, the Court grants Defendants' motions to dismiss.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1.  Defendants Deutsche Bank, MERS, and MERSCORP's Motion to Dismiss (Doc. No. [6]) is **GRANTED**.

2.  Defendants HSBC Bank, MERS, and MERSCORP's Motion to Dismiss (Doc. No. [8]) is **GRANTED**.

3.  Plaintiffs' Complaint (Doc. No. [1], Ex. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 11, 2012              s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge

7